Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JUAN RONI PINEDA, on behalf of himself, and others similarly situated, | Case No.: 18 cv 914 |
| Plaintiff, | |
| - against - | **COMPLAINT IN AN FLSA ACTION** |
| KATE ONE CORPORATON, *doing business as* EDDY'S EATS, and KYUNG LEE, *individually*, | |
| Defendants. | |

---

Plaintiff, Juan Roni Pineda ("Plaintiff"), on behalf of himself, and other similarly

situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC,

files this Complaint against Defendants, Kate One Corporation, doing business as Eddy's

Eats, located at 379 Park Avenue South, New York, New York 10016 (hereinafter,

"Eddy's Eats"), and Kyung Lee, individually (collectively, "Defendants"), and states as

follows:

## INTRODUCTION

1.    Plaintiff, Juan Roni Pineda, alleges that, pursuant to the Fair Labor

Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover

from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime

compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.    Plaintiff, Juan Roni Pineda further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.    Plaintiff is an adult resident of Queens County, New York.

6.    Defendant, Kate One Corporation, dba Eddy's Eats, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business 379 Park Avenue South, New York, New York 10016.

7.    Upon information and belief, Defendant, Kyung Lee, is the owner, officer, director and/or managing agent of Eddy's Eats, whose address is unknown at this time and who participated in the day-to-day operations of Eddy's Eats, and acted intentionally

and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Eddy's Eats.

8.    At times relevant to this litigation, Defendants were the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

9.    Plaintiff, Juan Roni Pineda, was employed by Defendants in New York, New York, to work as a dishwasher, food preparer and occasional delivery person for Defendants' restaurant/delicatessen known as "Eddy's Eats" from March 2014, continuously through January 18, 2018.

10.    At all relevant times, Eddy's Eats was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11.    At all relevant times, the work performed by Plaintiff, Juan Roni Pineda, was directly essential to the business operated by Eddy's Eats.

12.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Juan Roni Pineda his lawfully earned wages in contravention of the FLSA and New York Labor Law.

13.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Juan Roni Pineda lawfully earned wages, minimum wages, and overtime compensation in contravention of the FLSA and New York Labor Law.

14.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Juan Roni Pineda lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

15.    Plaintiff, Juan Roni Pineda, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16.    On or about March 21, 2014, Plaintiff, Juan Roni Pineda, was hired by Defendants to work as a dishwasher and general helper, at Defendants' restaurant and deli known as "Eddy's Eats" located at 379 Park Avenue South, New York, New York 10016.

17.    Plaintiff, Juan Roni Pineda, worked for the Defendants without interruption, between March 2014 through January 18, 2018.

18.    During Plaintiff's employment by Defendants, he worked over forty (40) hours per week.  Plaintiff generally worked six (6) shifts per week, ten and a half (10 ½) hours per shift.  As such, Plaintiff's worked approximately sixty-three (63) hours per week.

19.    Plaintiff was not paid for all hours worked, or overtime compensation. Plaintiff was paid an a fixed weekly salary of $450.00 in 2014 and 2015; his compensation was increased to $525.00 per week in 2016, through the end of his employment.

20.    Work performed above forty (40) hours per week was not paid at time and one-half his regular hourly rate of pay as required by state and federal law.

21.    Plaintiff was paid his wages in cash; he was not provided with a receipt indicating his hours, hourly rate and pay.

22.     Plaintiff performed a few deliveries each day as a backup to the other delivery persons, but most of his day was spent inside the restaurant, doing non-tipped work.

23.     Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying wages for all hours worked, to the Plaintiff and other similarly situated employees.

24.     Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

25.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

26.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

27.     Defendant, Kyung Lee, is an individual who, upon information and belief, owns the stock of Eddy's Eats, owns Eddy's Eats, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

28.     Defendant Kyung Lee directly controlled the terms and conditions of Plaintiff, and similarly situated employees' employment, in that he had and has the power

to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

29.    Neither at the time of hire, nor at any time thereafter, did Defendants provided Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

30.    Plaintiff normally worked over forty (40) hours per week.

31.    At no time during his employment did Defendants provide Plaintiff with a weekly wage with his cash wages, which explained Plaintiff's hours, gross wages, deductions, and net wages.

## COLLECTIVE ACTION ALLEGATIONS

32.    Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who are or were employed by Defendants between February 1, 2015 and the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage; paid for less hours than they actually worked; and/or not paid time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33.    The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are dozens of Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would

not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

35.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

37.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages and wages for all hours worked;

e. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

38.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39.    Plaintiff and other employees similarly situated have been similarly and substantially damaged by Defendants' payroll procedures and practices.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

40.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.    At all relevant times, Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA.

43.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44.    Plaintiff, Juan Roni Pineda, and Collective Action Members, were and are entitled to be paid at the rate of time and one-half their regular hourly rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

45.    Defendants failed to pay Plaintiff and Collective Action Members wages for all hours, worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

46.    At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-

half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members for all hours worked, illegally not paying wages, and not paying statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff and the Collective Action Members.

48.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendants failed to properly disclose or apprise Plaintiff, Juan Roni Pineda, and the Collective Action Members, of their rights under the FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

52.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

53.     Plaintiff and Collective Action Members are entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

54.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

56.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff, and illegally deducting from Plaintiff, wages for hours worked.

57.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times Plaintiff's regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

58.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

59.    Defendants did not provide Plaintiff and all other similarly situated employees, with any document or written statement accurately accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

60.    Upon information and belief, this was done in order to disguise the actual number of hours the employees worked, and to avoid paying them for their full hours worked; and, overtime due.

61.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

62.    Due to the Defendants' New York Labor Law violations, Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.  Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

63.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

65.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

66.    Plaintiff was paid cash, and not provided with a wage statement as required by law.

67.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Juan Roni Pineda, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid wages and overtime wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c)    Statutory penalties for failing to comply with the notice and record-keeping requirements of the New York State Wage Theft Prevention Act.

(d)    An award of liquidated damages as a result of Defendants' pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' willful failure
        to pay minimum wages, overtime compensation, and "spread of hours"
        premium pursuant to the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with
        reasonable attorneys' fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       February 1, 2018

Respectfully submitted,

By: _____

        Peter H. Cooper  (PHC 4714)

        CILENTI & COOPER, PLLC
        **Attorneys for Plaintiff**
        708 Third Avenue – 6th Floor
        New York, NY 10017
        Telephone  (212) 209-3933
        Facsimile  (212) 209-7102
        pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, ____Juan Pineda____ , am an employee currently or

formerly employed by ___Eddy's Eats.___ , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___January 24___ , 2018